UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:14-cr-00246 (JBA) |
| v. | |
| ALSTOM S.A. | November 6, 2015 |
| | |
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:14-cr-00245 (JBA) |
| v. | |
| ALSTOM NETWORK SCHWEIZ AG | November 6, 2015 |

**PARTIES' JOINT SENTENCING MEMORANDUM**

The Parties, the United States of America, by and through its counsel, the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the District of Connecticut (collectively, the "Government"), and Alstom S.A. and Alstom Network Schweiz AG, hereby submit in the above-captioned matters this Joint Sentencing Memorandum in support of the plea agreements entered into between the Government and Alstom and in aid of sentencing, currently scheduled for November 13, 2015. The guilty pleas in these cases were entered on December 22, 2014.

On December 22, 2014, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Alstom S.A. and Alstom Network Schweiz AG each waived indictment and pleaded guilty to an information charging the companies with violations of the U.S. Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. §§ 78dd-1, *et seq.*, and conspiracy to violate the FCPA, 18 U.S.C. § 371. Alstom S.A. has agreed to pay a fine of $772,290,000, and each of Alstom S.A. and Alstom Network Schweiz AG has agreed to pay the corresponding special assessment. Both Alstom entities have agreed to make certain enhancements to their anti-

corruption compliance program going forward, as well as report to the Government on the progress of those enhancements. Alstom Power Inc. and Alstom Grid Inc., two U.S.-based Alstom subsidiaries, entered into deferred prosecution agreements with the Government, in which they too agreed to make enhancements to their compliance programs on a going forward basis and to report on the progress of those enhancements. Finally, each of these Alstom entities has agreed to cooperate with the Government in connection with any investigations related to corrupt payments or false books and records and failure to implement internal controls, subject to foreign legal restrictions and attorney-client and work product privileges.

For the reasons outlined below, the Parties respectfully request that the Court approve the disposition of this matter, accept the guilty pleas of Alstom S.A. and Alstom Network Schweiz AG pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and sentence both Alstom entities in accordance with the Parties' plea agreements, which were previously filed with the Court.

**Background**

Alstom S.A. ("Alstom") is a French-based multinational corporation in the business of designing, constructing, and providing services related to power generation facilities, power grids, and rail transportation systems around the world. During the relevant period, Alstom had sales of approximately €21 billion annually and employed approximately 110,000 employees in over seventy countries. Alstom had direct and indirect subsidiaries in various countries around the world through which it bid on projects to secure contracts to perform power-related, grid-related, and transportation-related services, including for state-owned entities.

Alstom Network Schweiz AG, formerly known as Alstom Prom AG, was a subsidiary of Alstom that was headquartered in Switzerland. Alstom Network Schweiz AG was responsible

for overseeing compliance as it related to Alstom's consultancy agreements for many of Alstom's power sector subsidiaries.

On December 22, 2014, Richard Austin, a duly authorized representative of Alstom S.A. and Alstom Network Schweiz AG, appeared before the Court, and:

    a.    entered a plea of guilty on behalf of Alstom S.A. to a two-count criminal Information charging Alstom with one count of violating the books and records provisions of the FCPA, in violation of Title 15, United States Code, Sections 78m(b)(2)(A), 78m(b)(5), 78ff(a), and one count of violating the internal controls provisions of the FCPA, Title 15, United States Code, Sections 78m(b)(2)(B), 78m(b)(5), 78ff(a);

    b.    entered a plea of guilty on behalf of Alstom Network Schweiz AG to a one-count criminal information charging Alstom Network Schweiz AG with conspiracy to commit offenses against the United States in violation of Title 18, United States Code, Section 371, that is, to violate the anti-bribery provisions of the FCPA, as amended, Title 15, United States Code, Sections 78dd-2 and 78dd-3; and

    c.    entered into deferred prosecution agreements on behalf of Alstom Power Inc. and Alstom Grid Inc., two U.S.-based Alstom subsidiaries, pursuant to which one-count criminal informations were filed charging the respective companies with one count of conspiracy to commit offenses against the United States in violation of Title 18, United States Code, Section 371, that is, to violate the anti-bribery provisions of the FCPA, as amended, Title 15, United States Code, Section 78dd-2.

The guilty pleas by Alstom S.A. and Alstom Network Schweiz AG were entered pursuant to separate plea agreements that, among other things, called for Alstom to pay a criminal fine of $772,290,000.  In light of the fine to be paid by Alstom, and in light of the fact that the two plea

agreements cover overlapping conduct, the plea agreement with Alstom Network Schweiz AG stipulates that it is not required to pay any additional fine.

Under the plea agreements, Alstom S.A. and Alstom Network Schweiz AG also agreed to cooperate with the Government within certain specified parameters and restrictions, as well as to conduct appropriate reviews of their existing corporate compliance programs and, where necessary and appropriate, to adopt new or modify existing internal controls, compliance code, policies, and procedures to ensure that they maintain a rigorous anti-corruption compliance program, as more specifically defined in Exhibit Three to the respective plea agreements.

In addition, the plea agreements require the companies to provide detailed reports to the Government for a term of three years regarding, among other things, the companies' steps to enhance their compliance programs. Because Alstom has been under an independent compliance monitorship pursuant to a resolution reached between Alstom and the World Bank Group on February 21, 2012 (the "World Bank Resolution"), the plea agreements do not automatically require that Alstom and Alstom Network Schweiz AG retain an independent compliance monitor. Instead, the requirement that Alstom and Alstom Network Schweiz AG retain such a monitor is only triggered if Alstom fails to satisfy the terms of the monitorship under the World Bank Resolution. The monitoring requirements under the World Bank Resolution will be considered satisfied if the World Bank's Integrity Compliance Office, advised by the monitor, concludes that Alstom has implemented a Corporate Compliance Program that complies with the World Bank's integrity compliance policies and practices. In the event that the Integrity Compliance Office does not certify that Alstom satisfied the monitoring requirements contained in the World Bank Resolution, the plea agreements would then require Alstom and Alstom Network Schweiz AG to retain an independent compliance monitor. On February 24, 2015, the

n
n
n

World Bank's Integrity Compliance Office informed Alstom that it had implemented a corporate compliance program in line with the World Bank's integrity compliance guidelines, and that Alstom had satisfied all the other conditions of its prior settlement with the World Bank.

The plea agreements, if accepted by the Court, are intended to bind the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Should the Court decide not to accept the plea agreement, Alstom and Alstom Network Schweiz AG would have the right to withdraw their guilty pleas, as explained in the plea agreements.  At the time of the entry of the guilty pleas by Alstom S.A. and Alstom Network Schweiz AG, both companies and the Government agreed to a truncated Presentence Report ("PSR") procedure, in light of the fact that these are negotiated dispositions in which the facts and the sentences are agreed upon.  Based on the following factors, the Parties respectfully submit that the plea agreements contain sentences "sufficient, but not greater than necessary, to comply with the purposes set forth" in Section 3553(a), and should be accepted and imposed by the Court.

I.   **The Nature and Circumstances of the Offense**

The nature and circumstances of the offense in these cases are summarized in detail in the statement of facts accompanying the plea agreements previously entered into, as well as in the Parties' joint submission to the Probation Office in connection with preparation of the PSRs.

II.  **Alstom's Cooperation with the Government's Investigation**

As outlined in the plea agreements, Alstom did not voluntarily disclose the conduct that was the subject of the Government's investigation, even though it was aware of related misconduct at Alstom Power Inc., a U.S. subsidiary, which had entered into a resolution for corrupt conduct in connection with a power project in Italy several years prior to the Government reaching out to Alstom regarding its investigation.  Moreover, Alstom initially failed to

cooperate with the Government's investigation, responding only to the Government's subpoenas to U.S. subsidiaries.  Approximately one year into the Government's investigation, Alstom began providing limited cooperation to the Government, and Alstom's initial failure to cooperate impeded the Government's investigation of individuals involved in the bribery scheme.

However, at a later stage in the investigation, Alstom began providing thorough cooperation to the Government, including assisting in the Government's investigation and prosecution of individuals and other companies that had partnered with Alstom on certain projects.  Alstom's thorough cooperation did not occur until after the Government had publicly charged multiple Alstom executives and employees.  In general, Alstom's cooperation included conducting an internal investigation into various projects, and reporting to the Government on the results of that investigation.  The cost of Alstom's internal investigation was substantial, and was incurred at a time of great fiscal uncertainty at the company.  Alstom produced documents to the Government that were outside the grand jury's subpoena power to the extent it was not prohibited from doing so based on foreign legal restrictions, and provided information to the Government based on interviews with current and former employees, as well as third-parties, who were also outside the grand jury's subpoena power.

The timing and level of Alstom's cooperation with the investigation, as well as its acceptance of responsibility, are reflected in the U.S. Sentencing Guidelines calculation contained in the plea agreements and the PSRs.

### III.    Alstom's Remedial Efforts

At the time of the offenses charged, Alstom lacked an effective compliance and ethics program.  Since that time, however, Alstom has undertaken substantial efforts to enhance its compliance program and to remediate prior inadequacies.  These efforts include complying with

the previously-agreed-to undertakings contained in resolutions with the World Bank (including an independent monitorship), complying with undertakings contained in the resolution with the government of Switzerland, substantially increasing its compliance staff, improving its alert procedures, increasing training and auditing/testing, and ceasing the use of external success fee-based consultants.

As noted above, Alstom successfully completed the terms of its World Bank monitorship earlier this year, with the World Bank's Integrity Compliance Office finding that Alstom had implemented a corporate compliance program in line with the World Bank's integrity compliance guidelines.

Since the plea agreements were entered into and the guilty pleas were proffered on December 22, 2014, new senior executives of Alstom have implemented additional compliance enhancements which demonstrate Alstom's commitment to anti-corruption compliance on a going-forward basis. These initiatives include new "tone at the top" statements from company management, a new chief compliance officer with new staff made up of both internal and external resources, and a developing program for monitoring and testing.

Alstom's remediation efforts are mitigating factors that are "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines," 18 U.S.C. § 3553(b)(1), and support a conclusion that the plea agreements represent an appropriate disposition of these cases.

## IV.    The Fine in the Plea Agreements Is Appropriate

As noted in the PSRs, the criminal fine in this case is significant (the largest fine ever imposed in a criminal FCPA case) and is significantly more than the amount of profits earned by Alstom in connection with the corrupt schemes. As such, the fine "reflect[s] the seriousness of

the offense." *See* 18 U.S.C. § 3553(a)(2)(A). In addition, when combined with the criminal conviction itself, as well as the required enhancements to the compliance program and the reporting requirements, the sentence contained in the plea agreements certainly "afford[s] adequate deterrent to criminal conduct" for Alstom, its subsidiaries, and other corporations. *See* 18 U.S.C. § 3553(a)(2)(B). The fine, however, reflects an amount in the middle of the U.S. Sentencing Guidelines fine range, and not the high end, in order to acknowledge Alstom's cooperation (albeit at a late stage) in connection with the Government's investigation.

## Conclusion

For the reasons set forth above, and in the PSRs, the Parties respectfully request that the Court accept the guilty plea to plea agreements proffered on December 22, 2014, and impose the sentences set forth in the plea agreement.

Respectfully Submitted,

| | |
|---|---|
| ALSTOM S.A.<br>ALSTOM NETWORK SCHWEIZ A.G. | ANDREW WEISSMANN<br>CHIEF, FRAUD SECTION<br>CRIMINAL DIVISION<br>U.S. DEPARTMENT OF JUSTICE |
| /s/<br>_____<br>Robert D. Luskin<br>John S. (Jay) Darden<br>Paul Hastings LLP | /s/<br>_____<br>Daniel S. Kahn<br>Assistant Chief |
| Outside counsel for Alstom S.A. and<br>Alstom Network Schweiz A.G. | MICHAEL J. GUSTAFSON<br>FIRST ASSISTANT U.S. ATTORNEY<br>DISTICT OF CONNECTICUT |
| | /s/<br>_____<br>David E. Novick<br>Assistant United States Attorney |

## CERTIFICATION OF SERVICE

   This is to certify that on November 6, 2015, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

         BY:  ____/s/_____
              DAVID E. NOVICK
              ASSISTANT UNITED STATES ATTORNEY